UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

Eastern District of Kentucky
FILED

AUG 1 - 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 2005-223 (WOB)

VINCENT LEDNEY, a minor by
MICHAEL LEDNEY, his father                        PLAINTIFF

VS.                              OPINION AND ORDER

KHSAA BOARD OF CONTROL, ET AL                     DEFENDANTS


This matter is before the court on the parties' cross

motions for summary judgment (Doc. ##25, 27, 42) and plaintiff's

motion for reconsideration (Doc. #28).

### Factual and Procedural Background

Plaintiff Vincent Ledney is a 17 year-old[1] of African-

American ancestry and is a rising senior at Highlands High School

in Fort Thomas, Kentucky.  He is scheduled to graduate from

Highlands in Spring 2007.

For the school years 2000-01, 2001-02, and 2002-03, Vincent

attended Covington Latin School in Covington, Kentucky.

Covington Latin is a private, college preparatory school that

provides an accelerated course of study which allows its students

to graduate early from high school.[2]  Vincent did not participate

---

[1]Plaintiff's date of birth is February 28, 1989.

[2]Vincent attended Covington Latin from age 11 to age 14.
Had he remained at Covington Latin, he would have graduated in
2005 at age 16.

in high school athletics while at Covington Latin.

Vincent did not do as well as hoped at Covington Latin, and he and his father decided that he should transfer to a regular public high school with students of his own age.  In April 2003, Vincent and his father moved to Fort Thomas, Kentucky.  In the fall of 2003, Vincent enrolled at Highlands High School as a freshman, with no credits transferred from Covington Latin.

Vincent inquired about the possibility of playing football in the fall of 2003.  By letter dated August 21, 2003, Highlands Principal Elgin Emmons ("Emmons"), on Vincent's behalf, requested that Kentucky High School Athletic Association ("KHSAA")[3] Commissioner Brigid DeVries grant Vincent an exception to Bylaw 4[4] so that he could participate in athletics all four years he

---

[3]The KHSAA is a voluntary, unincorporated association comprised of over 250 public, private, and parochial member schools.  The Kentucky Board of Education has designated the KHSAA as its agent for managing interscholastic athletics. DeVries, the Commissioner, is responsible for the interpretation and enforcement of KHSAA rules.

[4]Bylaw 4 states, in pertinent part:

Sec. 1)    Maximum Number of Semesters

a)    Students promoted from grade eight (8) to grade nine (9) shall have four (4) consecutive calendar years of eligibility from the date of first such promotion by the school provided the student is eligible according to this and all other Association bylaws.  Such eligibility shall conclude with the completion of the spring sports season following the fourth year.

. . .

c)    No student having been enrolled in the fourth (4th)

2

attended Highlands.  On September 12, 2003, DeVries issued a
written ruling denying the request.

In January 2005, Emmons requested an appeal before an
administrative officer.  A due process hearing was held on
February 7, 2005 before Hearing Officer Edmund Karem.  Attending
the hearing were Vincent; his father, Michael Ledney; Principal
Emmons; Dave Mueller, Highlands Athletic Director; and Ken
Tippett of the KHSAA.

Following this hearing, the Hearing Officer issued a written
"Recommended Order."  He first noted that strict application of
Bylaw 4 would preclude Vincent from ever being eligible to play
high school sports because: (1) his 9th and 10th grade years at
Highlands were "repeats" in that he had already completed those
grades at Covington Latin, making him ineligible under Bylaw 4
Section 1(c); and (2) by the time he reached 11th grade at
Highlands, he would already have had four years of high school,
thus making him ineligible under Section 1(a) of the bylaw.
Opining as to the "unfairness" of this situation, the Hearing
Officer recommended that Vincent be declared eligible to

---

> grade or in any grade through twelfth (12th) shall be
> eligible for interscholastic athletics at the high
> school level (grades 9 through 12) for more than a
> total of one (1) year in each grade and applicable
> eligibility shall begin in the first year enrolled in
> that grade.  Students repeating a grade for any reason
> are ineligible to participate in interscholastic
> athletics at the high school level (grades 9 through
> 12) during the second year in that grade.

3

participate in interscholastic athletics.

On March 25, 2005, the KHSAA Board of Control met to consider the Hearing Officer's recommended order. Although it adopted the Hearing Officer's findings of fact, the Board voted 16-1 to reject his recommendation and to declare Vincent permanently ineligible to participate in interscholastic athletics. The Board issued a letter to Principal Emmons dated April 1, 2005, rendering this decision and concluding that "Vincent is ineligible under Bylaw 4 because he wants to participate in a fifth consecutive calendar year of high school following initial promotion from grade eight." An amended letter dated April 15, 2005 followed. The letters were addressed to Principal Emmons and were not copied to Vincent or his father.

Ledney alleges that he did not receive a copy of this decision until the last week of July 2005. (Sec. Am. Compl. ¶ 9)

By letter dated August 2, 2005, the Ledneys' attorney, Paul Whalen, wrote to the KHSAA Board of Control requesting reconsideration of its decision. Receiving no response, Whalen sent another letter on August 13, 2005.

By letter dated August 25, 2005, KHSAA Board of Control President Jerry Taylor denied Ledney's request for reconsideration, stating:

> With respect to your request for the Board to reconsider its Final Order, the time for filing a judicial appeal of the Board's Final Order under KRS Chapter 13B and the KHSAA Due Process Procedure has expired. The Board is thus without

4

jurisdiction to entertain your request.  Further, even if jurisdiction existed, you have not presented evidence warranting a reconsideration of the Final Order.

Ledney filed suit in Campbell County on September 6, 2005, seeking judicial review of the KHSAA's decision pursuant to KRS Chapter 13B.  Ledney also alleged federal constitutional violations and, on that basis, defendants removed the case to this court.

On March 10, 2006, the court heard oral argument on plaintiff's motion for a preliminary injunction.  Following argument, the court denied that motion, finding that plaintiff had not shown a likelihood of success on the merits because his appeal of the KHSAA final order was untimely under KRS 13B.140(1).  (Doc. #22)  The court allowed discovery, however, on plaintiff's federal race discrimination and due process claims in order to develop a record as to the history and application of Bylaw 4.

With the record now developed, the court concludes that this matter is ripe for resolution as a matter of law.

### *Analysis*

#### A.   <u>Plaintiff's Motion for Reconsideration</u>

Plaintiff has moved the court to reconsider its ruling that his appeal of the KHSAA final order was untimely under the provisions of KRS Chapter 13B.  Plaintiff offers no new evidence or legal theory in support of this motion, but instead

incorporates the arguments previously made.  The court finds no basis on which to reverse its ruling.

KRS Chapter 13B sets forth the procedures for administrative hearings before state agencies, as well as appeals from final orders of such agencies.  The parties do not dispute that this chapter applies to the proceedings involving Ledney and the KHSAA.

KRS 13B.140 states, in pertinent part:

All final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter.  <u>A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service.</u>

KRS 13B.140(1) (emphasis added).

The KHSAA Board of Control issued its final order finding Vincent ineligible on April 15, 2005.[5]  Consistent with the requirements of KRS 13B.120(3), that order stated in its conclusion:

Notice: This is a <u>FINAL ORDER, EFFECTIVE IMMEDIATELY</u>, and <u>MAY BE APPEALED PURSUANT TO KRS 13B.140(1) WITHIN THIRTY (30) DAYS AFTER THIS FINAL ORDER IS MAILED OR DELIVERED BY PERSONAL SERVICE</u>.

While plaintiff now complains that the KHSAA final order was not copied to Vincent or his father, there is no dispute that they received a copy of this decision during the last week of

_____

[5]As previously noted, this was a corrected version of the original order dated April 1, 2005.

6

July 2005.  Thus, even under plaintiff's alleged facts, the
Ledneys had only until late August to file an appeal with the
Circuit Court.  *See* KRS 13B.140(1).  That action was not
commenced, however, until September 6, 2005.

In *Taylor v. Duke*, 896 S.W.2d 618 (Ky. App. 1995), the court
noted that "one seeking review of administrative decisions must
strictly follow the applicable procedures."  *Id.* at 621.
Further, since "an appeal from an administrative decision is a
matter of legislative grace and not a right, the failure to
follow the statutory guidelines for an appeal is fatal."  *Id.*

In *Taylor*, the court held that landowners were precluded
from filing a judicial appeal of a zoning decision because they
did not comply with the statutorily-required thirty-day appeal
period.  Even though the plaintiffs were not given the hearing
notice to which they were statutorily entitled, they admittedly
learned of the zoning agency's final decision by May 18, 1993.
*Id.*  Because they did not file their complaint until July 23,
1993, more than thirty days thereafter, the court held that the
trial court properly dismissed the action as untimely.  *Id.*

In an attempt to avoid the same result here, the Ledneys
make two arguments.  First, they argue that their attorney's
requests for reconsideration of the KHSAA's final order "tolled"
the appeal period.  However, neither the KHSAA due process
provisions nor KRS Chapter 13B makes any mention of

7

reconsideration of final agency orders, and KRS 13B.140 clearly
starts the 30-day appeal period with the mailing or delivery of
the final order.  Moreover, at least one Kentucky court has
rejected such an argument.  *Hennessy v. Bischoff*, 240 S.W.2d 71,
73 (Ky. App.  1951) (holding that in the absence of statutory
authority, an administrative agency has no authority to set up
rehearing procedure and cannot, through such application, extend
the statutory time for appeal).

Second, plaintiff argues that he can bring his claims
independently of the Chapter 13B appeal procedure based on the
fact that such appeals to the Circuit Court are considered
"original actions."  This argument, too, has been rejected.  *See
Geupel Constr. Co., Inc. v. Commonwealth of Ky. Transp. Cabinet*,
136 S.W.3d 43, 48-49 (Ky. App. 2003) (holding that party that has
chosen to pursue its administrative remedy to completion is
limited to a judicial review of that action under Chapter 13B and
may not seek direct judicial relief in separate original action).

Therefore, plaintiff's appeal of the KHSAA final order was
untimely, and the court will adhere to its previous ruling so
finding.

8

B.    **Cross Motions for Summary Judgment**[6]

1.    **Election of Remedies**

Defendants assert that plaintiff is barred from maintaining any of his claims here because his judicial appeal of the underlying administrative action was untimely.  Thus, they argue, his constitutional claims, which are permitted to be joined with a judicial appeal pursuant to KRS 13B.150(2), must also be dismissed.

The court rejects this argument.  Defendants provide no authority to support the proposition that a plaintiff is barred from bringing federal constitutional claims by the fact that his appeal of a state administrative matter is untimely.  The cases defendants cite stand only for the proposition that a plaintiff seeking to challenge an administrative ruling within the parameters of KRS Chapter 13B must do so by way of judicial appeal rather than by filing a separate action in Kentucky court. *See, e.g., Geupel Constr. Co., Inc. v. Commonwealth of Ky. Transp. Cabinet*, 136 S.W.3d 43, 48 (Ky. App. 2003).  This does not bar plaintiff from asserting federal constitutional claims which, as they are timely, survive the dismissal of his KRS

_____

[6]The court notes that many of the arguments asserted in the parties' briefs raise issues that would only have been cognizable on judicial review of the KHSAA final order under KRS Chapter 13B.  Because the court has affirmed its ruling that that claim is untimely, the court will address only the arguments that pertain to plaintiff's remaining claims.

9

13B.140 cause of action.

### 2.  **Race Discrimination**

The Equal Protection Clause forbids only intentional discrimination. *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994) (citation omitted). "When a facially neutral rule is challenged on equal protection grounds, the plaintiff must show that the rule was promulgated or reaffirmed *because of*, not merely in spite of, its adverse impact on persons in the plaintiff's class." *Id.* (italics in original).

Here, Bylaw 4 is a facially neutral rule. Plaintiff has produced no evidence that race played any role in its promulgation or history. Instead, the undisputed evidence shows that the rule was promulgated to address concerns relating to the practice of students deferring graduation in order to attain additional years of high school athletic participation.

Plaintiff alleges that two white students received waivers of Bylaw 4 and that this is indicative of disparate treatment. However, defendants have produced evidence that neither of these two students was similarly situated to plaintiff. The first was a student from New Orleans who, on transfer to Highlands following Hurricane Katrina, was permitted to play sports although he had played in Louisiana. The second was a student who in the early nineties was given a waiver under an earlier version of Bylaw 4 which granted additional eligibility under

10

much broader standards.

Neither of these two situations is comparable to plaintiff, and plaintiff wholly fails to address this evidence in his responsive brief.

The court thus concludes that there is no triable issue on plaintiff's claim for race discrimination and that summary judgment is proper.

### 3.   <u>Due Process</u>

Plaintiff's filings are unclear as to the contours of his asserted due process claim.  However, the court concludes that, under any theory, plaintiff has not shown a violation of his constitutional due process rights as a matter of law.

First, it is highly doubtful that plaintiff has any protected interest in participation in high school athletics. *See Thompson v. Fayette Cty. Public Schools*, 786 S.W.2d 879, 881-82 (Ky. App. 1990) (no claim of property or liberty infringement based on denial of participation in interscholastic athletics under rule requiring minimum grade point average).

Assuming such an interest, however, the undisputed record evidence show that defendants' decision denying plaintiff eligibility was neither arbitrary, capricious, discriminatory, or without rational basis.  Plaintiff argues that the KHSAA failed to take into account unique situations such as plaintiffs, but that does not suffice.  Bylaw 4 was promulgated to address

11

specific concerns and, while unfortunate in its application to plaintiff's situation, defendants have produced evidence that the rule is consistently applied with only the stated exception in order to maintain a bright-line, objective standard.

Moreover, while plaintiff perhaps did not foresee the impact on his eligibility when he made the decision to begin high school afresh at Highlands after his years at Covington Latin, he has been denied no privilege compared to other students.  Plaintiff was eligible to play sports at Covington Latin, although he did not do so, and had he transferred into the 11th grade at Highlands rather than repeating the 9th and 10th grades, he would have had a further two years of eligibility.  Thus, like other students, plaintiff had available to him four years in which he was eligible to play high school sports.  That his chosen path unfortunately placed him within the limitations of the bylaws does not lead to a conclusion that defendants' determination is unreasonable.

The court finds these issues to be dispositive and thus will not address the parties other theories, none of which alter the court's conclusion that plaintiffs' claims should be dismissed in their entirety as a matter of law.

12

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) Plaintiff's motion for reconsideration (Doc. #28) be, and is hereby, **DENIED**;

(2) Plaintiff's motions for summary judgment (Doc. ##27, 42) be, and are hereby, **DENIED**; and

(3) Defendants' motion for summary judgment (Doc. #25) be, and is hereby, **GRANTED**.

A separate judgment shall enter concurrently herewith.

This 1st day of August, 2006.



Signed By:

**_William O. Bertelsman_** WOB

**United States District Judge**

13